IN THE UNITED STATES DISTRICT COURT OF
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WILLIE MAE PUGH,<br><br>    Plaintiff,<br><br>v.<br><br>JOHNSON & JOHNSON, INC.;<br>JOHNSON & JOHNSON<br>PHARMACEUTICAL RESEARCH AND<br>DEVELOPMENT, LLC; ORTHO-MCNEIL<br>PHARMACEUTICAL, INC., BRAD<br>MORROW, Sales Representative, JAMIE<br>FORBES, Sales Representative, and<br>FICTITIOUS DEFENDANTS A, B, C, D, E<br>and F, being those persons, sales representative,<br>firms or corporations whose fraud, scheme to<br>defraud, negligence and/or other wrongful<br>conduct caused or contributed to the Plaintiff's<br>injuries, and whose true names and identities<br>are presently unknown to the Plaintiff but will<br>be substituted by amendment when ascertained,<br><br>    Defendants. | Case No.: 2:06cv551-WHA |

## NOTICE OF REMOVAL

COME NOW defendants Johnson & Johnson[1], Johnson & Johnson Pharmaceutical Research and Development, LLC, Ortho-McNeil Pharmaceutical, Inc. (hereinafter "the Ortho-McNeil Defendants"), by and through their counsel and, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, file their Notice of Removal of this cause from the Circuit Court of Barbour County, Alabama to the United States District Court for the Middle District of Alabama. Pursuant to 28 U.S.C. § 1446(a), the Ortho-McNeil Defendants set forth below a short and plain statement of the grounds for removal.

---

[1]   Improperly plead as "Johnson & Johnson, Inc.".

## INTRODUCTION

1. Plaintiff Willie Mae Pugh filed this product liability action against the Ortho-McNeil Defendants in the Circuit Court of Barbour County, Alabama on or about May 22, 2006, alleging that Plaintiff's use of the Ortho Evra® birth control patch, manufactured by defendant Ortho-McNeil Pharmaceutical, Inc. caused her to suffer injuries. The above-referenced action is styled as *Willie Mae Pugh v. Johnson & Johnson, et al,* No.: CV-2006-034. Pursuant to 28 U.S.C § 1446(a) and Local Rule 81.1, the Ortho-McNeil Defendants attach hereto as Exhibit "A" copies of all process, pleadings, and orders filed in state court.

2. Plaintiff has named the following as defendants: (1) Johnson & Johnson; (2) Johnson & Johnson Pharmaceutical Research and Development, LLC; (3), Ortho-McNeil Pharmaceutical, Inc.; (4) Brad Morrow; (5) Jamie Forbes; and (6) Fictitious Defendants A, B, C, D, E and F.

## NOTICE OF REMOVAL IS TIMELY

3. Upon information and belief, plaintiff filed this action on or about May 22, 2006, in the Circuit Court of Barbour County, Alabama. The Ortho-McNeil Defendants were served with a Summons and a copy of plaintiff's Complaint on May 30, 2006.[2] The Complaint was the initial pleading received by the Ortho-McNeil Defendants setting forth the claims for relief upon which this action is based. The Ortho-McNeil Defendants are filing their Notice of Removal within 30 days of receipt of the initial pleading setting forth the claim for relief upon which this action is based. Therefore, the Ortho-McNeil Defendants' Notice of Removal is

---

[2] Upon information and belief, Brad Morrow was served with a Summons and a copy of plaintiff's Complaint on May 30, 2006 via certified mail and Jamie Forbes was served with a Summons and a copy of plaintiff's Complaint on May 30, 2006 via certified mail. Upon information and belief, no defendant was served prior to the date on which the Ortho-McNeil Defendants were served.

timely pursuant to 28 U.S.C. § 1446(b).

## THIS CIVIL ACTION IS REMOVABLE

4. This action is removable pursuant to 28 U.S.C. § 1441(a) because it is a civil action of which this Court has original jurisdiction and because the Ortho-McNeil Defendants are removing this action to the District Court of the United States for the district and division embracing the place where the action is pending.

5. The Court has original jurisdiction of this civil action pursuant to 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and because complete diversity of citizenship exists between plaintiff and the Ortho-McNeil Defendants, the only properly joined defendants.

## THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

6. The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. In her Complaint, plaintiff seeks punitive damages and claims that she suffered a stroke and blood clot and other "physical pain and suffering, mental and emotional anguish and distress, and economic loss" as a result of having used Ortho Evra®. (Plaintiff's Complaint at ¶¶ 34, 79, Ex. A). The Ortho-McNeil Defendants deny the allegations.

7. Plaintiff seeks to recover damages in this case for the alleged injuries caused by her use of Ortho Evra®. To that end, plaintiff has alleged seven counts against the Ortho-McNeil Defendants, including claims under the Alabama Extended Manufacturer's Liability Doctrine ("AEMLD"), as well as punitive damages. Plaintiff does not specify the amount of damages she is seeking.

8. When a plaintiff makes a demand for an unspecified amount of damages, a removing party need only show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. *See, e.g., Tapscott v. MS Dealer Serv. Corp.*, 77

F.3d 1353, 1359 (11th Cir. 1996) *overruled on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). The removing party may do this by sufficient proof that a plaintiff's verdict may exceed that amount. *See Bolling v. Union Nat'l Life Ins. Co.*, 900 F.Supp. 400, 405 (M.D. Ala. 1995).

9.   In assessing whether the amount in controversy exceeds $75,000, federal district courts may look to decisions rendered in similar cases. *See Bolling*, 900 F.Supp. at 404. Additionally, as is the case here, punitive damages must be considered. *Holley Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987).

10.   Federal district courts in Alabama have consistently denied motions to remand in cases where plaintiffs have sought unspecified damages awards in their complaints. For instance, in *Davis v. The Franklin Life Ins. Co.*, 71 F. Supp. 2d 1197 (M.D. Ala. 1999), this Court held that the amount in controversy requirement had been met even where the plaintiff had not specified the amount of damages sought and where the defendant presented the court with multiple Alabama decisions in which comparable actions yielded verdicts greater than $75,000. *See also Williams v. Conseco, Inc.*, 57 F. Supp. 2d 1311 (S.D. Ala. 1999) (holding that, after independent inquiry by Court, amount in controversy had been met in case where plaintiff failed to state a specified amount of damages); *Bolling*, 900 F. Supp. 400 (concluding amount in controversy requirement met where defendant offered evidence that it is more likely than not that plaintiff's claims would exceed $75,000).

11.   Plaintiff seeks unlimited compensatory and punitive damages, interest and costs in connection with her alleged injuries. In cases where a medical product was alleged to have caused injury, but not death, verdicts with damages substantially in excess of $75,000.00 have resulted. *See, e.g., Toole v. McClintock*, 999 F.2d 1430 (11th Cir. 1993) (addressing on

appeal an award of $400,000 in compensatory damages and $5,000,000 in punitive damages in a medical product liability case); *Benford v. Richard's Med. Co.*, 792 F.2d 1537 (11th Cir. 1986) (discussing an award of $165,000 in compensatory and $100,000 in punitive damages in a medical products liability case).

       12. As such, a preponderance of the evidence exists that – if plaintiff prevails - damages in the present action will more likely than not exceed $75,000. *See, e.g.., Tapscott*, 77 F.3d at 1359 (when plaintiffs make an unspecified claim for damages, removing party need only show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount).

### COMPLETE DIVERSITY OF CITIZENSHIP EXISTS BETWEEN PLAINTIFF AND THE ORTHO-MCNEIL DEFENDANTS – THE ONLY PROPERLY JOINED DEFENDANTS

       13. Upon information and belief, plaintiff is, and was at the time of the filing of her complaint, a citizen of the State of Alabama. (Plaintiff's Complaint at ¶ 1, Ex. A). Upon information and belief, the Ortho-McNeil Defendants allege that plaintiff is and was, at all times relevant to this action, a citizen and resident of Barbour County. *Id.*

       14. At the time plaintiff commenced this action in Alabama state court, and at the time of the filing of this Notice of Removal, defendant Johnson & Johnson was and is a corporation incorporated and existing under the laws of the state of New Jersey, with a principal place of business located in the state of New Jersey.

       15. At the time plaintiff commenced this action in Alabama state court and at the time of filing this Notice of Removal, defendant Johnson & Johnson Pharmaceutical Research and Development, LLC, was and is a limited liability company existing under the laws of the state of New Jersey, with its principal place of business in the state of New Jersey.

16. At the time plaintiff commenced this action in Alabama state court and at the time of filing this Notice of Removal, defendant Ortho-McNeil Pharmaceutical, Inc., was and is a corporation incorporated and existing under the laws of the state of Delaware, with its principal place of business in the state of New Jersey.

17. The Complaint purports to state a claim against Brad Morrow and Jamie Forbes ("the Sales Representative Defendants"), whom plaintiff alleges are residents of the State of Alabama. (Plaintiff's Complaint at ¶¶ 11-12, Ex. A). Nevertheless, as shown below, while the Sales Representative Defendants are citizens and residents of Alabama, they have been fraudulently joined, and this Court must disregard their citizenship for purposes of determining diversity jurisdiction.

18. The Complaint also purports to state claims against unnamed, fictitious defendants identified as Fictitious Defendants A, B, C, D, E and F. For removal purposes, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C § 1441(a).

### THE SALES REPRESENTATIVE DEFENDANTS HAVE BEEN FRAUDULENTLY JOINED IN THAT PLAINTIFF PURPORTS TO JOIN PARTIES AGAINST WHOM NO REASONABLE BASIS FOR RECOVERY EXISTS

19. There is complete diversity of citizenship because the purportedly nondiverse defendants, the Sales Representative Defendants, have been fraudulently joined.

20. Plaintiff alleges that the Sales Representative Defendants were "in the business of marketing, selling, and distributing the Ortho Evra birth control patch." (Plaintiff's Complaint at ¶¶ 11-12, Ex. A).

21. Sales Representative Defendant Jamie Forbes is employed by Pricara, a Unit of Ortho-McNeil, Inc. Declaration of Jamie Forbes, ¶2. Neither Pricara, nor its predecessor, the Primary Care franchise of Ortho-McNeil Pharmaceutial, Inc., has ever had any

responsibility for the marketing and sale of Ortho Evra®. Declaration of Jamie Forbes, ¶2. Ms. Forbes has never had responsibility for Ortho Evra®, nor has she ever provided information about Ortho Evra® to any healthcare provider. Declaration of Jamie Forbes, ¶¶3, 4. Ms. Forbes has never sold Ortho Evra®, had no involvement with the manufacture, development or testing of Ortho Evra®, was not involved in the development or preparation of the prescribing information for Ortho Evra®, and did not provide a warranty to any physician regarding Ortho Evra®. Declaration of Jamie Forbes, ¶¶6, 7, 8, 10. She is not a physician or a pharmacist, and therefore has never prescribed Ortho Evra® or filled a prescription for Ortho Evra®. Declaration of Jamie Forbes, ¶9. Furthermore, Ms. Forbes has never met nor spoken to plaintiff. Declaration of Jamie Forbes, ¶11. (Attached as Exhibit "B")

    22. Sales Representative Defendant Brad Morrow is employed by Ortho-McNeil Pharmaceutical, Inc. Declaration of Brad Morrow, ¶2. In the course of his employment, Mr. Morrow provides information to healthcare providers regarding several products, including Ortho Evra®. Declaration of Brad Morrow, ¶4. Mr. Morrow also has never met nor spoken to plaintiff, and has never provided Ortho Evra® or any information regarding Ortho Evra® directly to plaintiff. Declaration of Brad Morrow, ¶¶5, 12. (Attached as Exhibit "C")

    23. Mr. Morrow has never sold Ortho Evra®, had no involvement with the manufacture, development or testing of Ortho Evra®, was not involved in the development or preparation of the prescribing information for Ortho Evra®, and did not provide a warranty to any physician regarding Ortho Evra®. Declaration of Brad Morrow, ¶¶7, 8, 9, 11. He is not a physician or a pharmacist, and therefore has never prescribed Ortho Evra® or filled a prescription for Ortho Evra®. Declaration of Brad Morrow, ¶10. Indeed, the only information Mr. Morrow provides to healthcare providers regarding Ortho Evra® is limited to promotional

and patient education materials provided by defendant Ortho-McNeil Pharmaceutical, Inc. which are consistent with the information contained in the FDA-approved product. Declaration of Brad Morrow, ¶6.

24. Defendants can be properly joined in a case only if there is a "reasonable bases for predicting that the state law might impose liability [on them] on the facts involved." *Crowe v. Coleman*, 113 F.3d 1536, 1540 (11th Cir. 1997). If that "reasonable basis" is not present, the joinder of the Sales Representative Defendants is fraudulent and will not preclude this Court's exercise of diversity jurisdiction. *See id.* at 1538, 1540; *see also Tedder v. F.M.C. Corp.*, 590 F.2d 115, 117 (5th Cir. 1979)[3]; *Jones v. Triple Crown Serv. Co.*, 44 F.Supp.2d 1339, 1341-42 (M.D. Ala. 1999); *Thomas v. Jim Walter Homes, Inc.*, 918 F.Supp. 1498 (M.D. Ala. 1996). Under *Crowe*, plaintiff's joinder of the Sales Representative Defendants was fraudulent because there is no reasonable basis to predict that plaintiff can establish any cause of action against these defendants.

    A.    **There Is No Reasonable Legal Basis For Plaintiff's Claims Against The Sales Representative Defendants.**

25. Plaintiff fails to allege a reasonable legal basis for any claims against the Sales Representative Defendants. Count 1 (strict liability) does not state a claim for relief against the Sales Representative Defendants. To state a cause of action under the Alabama Extended Manufacturer's Liability Doctrine ("the AEMLD"), "the plaintiff must prove that the defendant manufactured and/or sold the allegedly defective product. *Turner v. Azalea Box Co.*, 508 So. 2d 253, 254 (Ala. 1987) (citing *Atkins v. Am. Motors Corp.*, 335 So. 2d 134 (Ala. 1976)). The AEMLD does not impose liability on a defendant who is merely the employee of a

---

[3] In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit issued prior to October 1, 1981.

manufacturer or seller. *See, e.g., Turner*, 508 So. 2d at 254; *In re Rezulin Prods. Liab. Litig.*, 133 F.Supp.2d 272, 287-88 (S.D.N.Y. 2001) (applying Alabama law) (finding no reasonable basis for imposition of liability upon pharmaceutical representatives under AEMLD because they are not manufacturers, sellers or suppliers of the prescription drug they represent); s*ee also Spain v. Brown & Williamson Tobacco Corp.*, 230 F.3d 1300, 1308 (11th Cir. 2000) (plaintiff must prove that an injury was caused by one who sold a product in a defective condition that made the product unreasonable dangerous to the ultimate consumer in order to prevail on AEMLD claim) (citations omitted); *Devise v. Kenmore*, No. 03-J-943-S, slip op. at 5-6 (N.D. Ala. May 12, 2003) (attached) (department store employee not liable under the AEMLD because he is "clearly not a manufacturer, supplier or seller"); *Bowman v. Coleman Co., Inc.*, No. 96-0448-P-C, Slip. Op. at 8 (S.D. Ala. Sept. 3, 1996) (retail store manager is not a "seller;" neither the applicable case law nor the public policy objectives articulated by Alabama and other state courts can support the extension of the AEMLD to encompass [employees of the seller or supplier].") Accordingly, the Sales Representative Defendants cannot be liable to plaintiff under the AEMLD.

    26.    Plaintiff's negligence claims against the Sales Representative Defendants (Count II and Count VI) fail because Alabama law states that an employee may not be held liable for the negligence of his employer unless the employee personally participated in the alleged wrongful conduct of his employer. *See, e.g., Mills v. Wex-Tex Indus.*, 991 F.Supp. 1370, 1382 (M.D. Ala. 1997) (employee not individually liable absent allegation of personal participation in alleged tortious conduct). Plaintiff here fails to allege any specific participation by the Sales Representative Defendants in the alleged negligent conduct. Plaintiff's negligence claims against the Sales Representative Defendants also fail because the Sales Representative Defendants had no duty to warn plaintiff. *Stone v. Smith, Kline & French Labs*, 447 So.2d 1301

(Ala. 1984) (adopting the "learned intermediary doctrine" in Alabama). Under the "learned intermediary doctrine," a manufacturer's duty to warn is limited to an obligation to advise the prescribing physician of any potential dangers that may result from the use of its product." *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1314 (11th Cir. 2000).

27. Likewise, Plaintiff's warranty claims (Counts III and IV) fail because the Sales Representative Defendants are not sellers of Ortho Evra®. *See* Ala. Code §§ 7-2-313(1) & 7-2-314(1) (both express and implied warranty claims refer to the creation of warranties by the "seller").

28. Finally, plaintiff's fraud claims (Counts V and VII) fail because plaintiff has made no effort to comply with the requirements of Federal Rule of Civil Procedure 9(b) and the equivalent Alabama Rule, Alabama Rule of Civil Procedure 9(b), both of which require that the circumstances of the fraud be pleaded with particularity. The pleading requirements are not satisfied if plaintiff "fail[s] to distinguish among defendants and specify their respective role in the alleged fraud[.]" *McAllister Towing & Transport Co. v. Thorn's Diesel Serv., Inc.*, 131 F.Supp. 2d 1296, 1302 (M.D. Ala. 2001). Additionally, plaintiff fails to plead the "time, place and the contents or substance of the false representation, the fact misrepresented, and the identification of what has been obtained" as required under both rules. Ala. R. Civ. P. 9(b) (Committee Comments on 1973 Adoption, subdivision (b)).

**B.   There Is No Reasonable Factual Basis For Plaintiff's Claims Against The Sales Representative Defendants.**

29. In addition to the lack of any reasonable legal basis, plaintiff's Complaint fails to allege a reasonable factual basis for her claims against the Sales Representative Defendants. Plaintiff fails to allege that any of the Sales Representative Defendants ever had any contact with plaintiff's prescribing physician. *In re Rezulin Products Liability Litigation*, 133

F.Supp.2d at 286-87 (absence of any alleged connection between Alabama pharmaceutical sales representative and Alabama decedent evidence of fraudulent joinder and "fatal to all the claims against the sales representative" under Alabama law). In fact, instead of alleging facts specifying the Sales Representative Defendants' allegedly wrongful conduct, plaintiff directs allegations at "Defendants" collectively. Such collective allegations demonstrate that no reasonable basis for recovery exists against the Sales Representative Defendants. *See, e.g., Tillman v. R.J. Reynolds Tobacco*, 253 F.3d 1302, 1305 (11th Cir. 2001) (no reasonable basis for recovery against non-diverse employee where "plaintiff failed to tie these defendants to the underlying allegations of the complaint"); *Calloway v. Baker Furniture Co.*, No. CV 94-PT-2751-S, 1995 WL 912708, at *1 (N.D. Ala. Feb. 16, 1995) (court would not "endorse manipulation" of grouping in-state defendants with diverse defendants with mere conclusory allegations); *In re Rezulin Prods. Liab. Litig.*, 168 F.Supp.2d 136, 140-41 (S.D.N.Y. 2001) (pharmaceutical representatives fraudulently joined due to general collective allegations regarding "defendants"): *In re Rezulin Prods. Liab. Litig.*, 133 F.Supp.2d at 291 (same). Indeed, the plaintiff does not even name the physicians to whom the allegedly fraudulent misrepresentations were made or from whom material facts were allegedly suppressed. Because the plaintiff fails to plead these fraud-based claims with the requisite particularity, these claims are due to be dismissed. *See United States ex rel. Clausen v. Laboratory Corp. of Am.*, 290 F.3d 1301, 1310 (11th Cir. 2002); *Mixon v. Cason*, 622 So. 2d 918, 920 (Ala. 1993). The vague and unspecific allegations made against the Sales Representative Defendants are clearly insufficient to sustain a factual basis for plaintiff's claims.

30. Plaintiff cannot establish a legal or factual basis for her claims against the Sales Representative Defendants. These individuals were fraudulently joined in an attempt to avoid diversity jurisdiction. Such a sham joinder cannot deprive the Ortho-McNeil Defendants

of their right to remove this case to Federal District Court pursuant to 28 U.S.C. § 1441(a) and (b) and 28 U.S.C. § 1446.

31.    Pursuant to 28 U.S.C. § 1332, as set forth above, complete diversity of citizenship exists because plaintiff and the Ortho-McNeil Defendants, *i.e.*, the only properly joined defendants, are citizens of different states.

32.    Pursuant to 28 U.S.C. § 1441(b), this action is removable because no party in interest properly joined and served as a defendant is a citizen of the State of Alabama, the state in which this action was brought.[4]

## REMOVAL TO THIS DISTRICT IS PROPER

33.    Pursuant to 28 U.S.C. § 1441(a), the United States District Court for the Middle District of Alabama is the appropriate court for filing a Notice of Removal from the Circuit Court of Barbour County, Alabama, where this action is pending.

34.    Pursuant to 28 U.S.C. § 1446(d), the Ortho-McNeil Defendants shall give plaintiff, through her attorneys of record, written notice of the filing of this Notice of Removal, and the Ortho-McNeil Defendants shall file the written notice of the filing of this Notice of Removal with the Clerk of the Circuit Court of Barbour County, Alabama, attaching thereto a

---

[4]    It is not necessary for the Ortho-McNeil Defendants to obtain the consent of the Sales Representative Defendants in order to remove the case because they were fraudulently joined by plaintiff. *See, e.g., Jernigan v. Ashland Oil* Inc., 989 F.2d 812, 815 (5th Cir. 1993), *cert. denied*, 510 U.S. 868 (1993) (consent of fraudulently joined defendant not necessary); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988) ("Ordinarily, under 28 U.S.C. § 1446(a), all defendants in a state action must join in the petition for removal, except for nominal, unknown or fraudulently joined parties."); *Balazik v. County of Dauphin*, 44 F.3d 209, 213 n.4 (3d Cir. 1995) (unanimity rule "may be disregarded" when "defendant has been fraudulently joined"); *Polyplastics, Inc. v. Transconex, Inc.*, 713 F.2d 875, 877 (1st Cir. 1983) ("A party fraudulently joined to defeat removal need not join in a removal petition, and is disregarded in determining diversity of citizenship.")

copy of this Notice of Removal and the documents attached to this Notice of Removal as Exhibit A.

35.  The Ortho-McNeil Defendants reserve the right to take discovery and submit further evidence in Opposition to a Motion to Remand, if necessary.

WHEREFORE, PREMISES CONSIDERED, the Ortho-McNeil Defendants pray that this Honorable Court will take cognizance and jurisdiction of this cause and make any and all orders necessary to affect the removal of this cause from the Circuit Court of Barbour County, Alabama.

Respectfully submitted,

_____
JOSEPH P. H. BABINGTON (BABIJ7938)
THOMAS RYAN LUNA (LUNAT2309)
Attorneys for Defendants Johnson & Johnson, Ortho-McNeil Pharmaceutical, Inc., and Johnson & Johnson Pharmaceutical Research & Development, LLC

Of Counsel:

Helmsing, Leach, Herlong,
Newman & Rouse, P.C.
Post Office Box 2767
Mobile, AL 36652
(251) 432-5521 (Telephone)
(251) 432-0633 (Facsimile)


Of Counsel:

Susan M. Sharko
Drinker Biddle & Reath LLP
500 Campus Drive
Florham Park, New Jersey 07932
*Subject to Pro Hac Vice Admission*

**CERTIFICATE OF SERVICE**

This is to certify that the above and foregoing **Notice of Removal of Defendants Johnson & Johnson, Ortho-McNeil Pharmaceutical, Inc., and Johnson & Johnson Pharmaceutical Research & Development, LLC**, has been served on the following counsel of record by placing a copy of the same in the United States Mail, postage prepaid and properly addressed, this _20_ day of June, 2006:

Jere L. Beasley
Andy D. Birchfield, Jr.
Wesley Chadwick Cook
Beasley, Allen, Crow, Methvin,
Portis & Miles, P. C.
P. O. Box 4160
Montgomery, AL 36104

Shane Seaborn
Penn & Seaborn, LLC
P. O. Box 688
Clayton, AL 36016

OF COUNSEL