IN THE UNITED STATES DISTRICT COURT OF
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| WILLIE MAE PUGH,<br><br>    Plaintiff,<br><br>v.<br><br>JOHNSON & JOHNSON, INC.;<br>JOHNSON & JOHNSON<br>PHARMACEUTICAL RESEARCH AND<br>DEVELOPMENT, LLC; ORTHO-MCNEIL<br>PHARMACEUTICAL, INC., BRAD<br>MORROW, Sales Representative, JAMIE<br>FORBES, Sales Representative, and<br>FICTITIOUS DEFENDANTS A, B, C, D, E<br>and F, being those persons, sales representative,<br>firms or corporations whose fraud, scheme to<br>defraud, negligence and/or other wrongful<br>conduct caused or contributed to the Plaintiff's<br>injuries, and whose true names and identities<br>are presently unknown to the Plaintiff but will<br>be substituted by amendment when ascertained,<br><br>    Defendants. | Case No.: 2:06-CV-00551-WHA-SRW |

**MOTION TO STAY PROCEEDINGS PENDING
TRANSFER TO MULTIDISTRICT PROCEEDING**

COME NOW defendants Johnson & Johnson, Johnson & Johnson Pharmaceutical Research and Development, LLC, Ortho-McNeil Pharmaceutical, Inc. (hereinafter "Pharmaceutical Defendants"), by and through their counsel, and move the Court to stay all proceedings in this case pending transfer to the Multidistrict Litigation ("MDL") Court, and as grounds submit the following:

## INTRODUCTION

This case is one of a number of similar lawsuits which have been filed by the Plaintiffs in various federal courts around the country alleging injury from the Ortho-Evra® contraceptive patch. On November 28, 2005, the Judicial Panel on Multidistrict Litigation (JPML) docketed a Motion for Transfer of Actions for Coordinated or Consolidated Pretrial Proceedings pursuant to 28 U.S.C. § 1407.

On March 1, 2006, pursuant to 28 U.S.C. § 1407, a Transfer Order was issued in *In re Ortho-Evra Products Liability Litigation*, Docket No. 1742, centralizing the action in the Northern District of Ohio before the Honorable David A. Katz for coordinated or consolidated pretrial proceedings. There are now at least 128 cases pending before Judge Katz and another twenty-five (25) cases awaiting conditional transfer orders. On June 21, 2006, a tag along notice was sent to the JPML which included this case.

Accordingly, to conserve judicial resources and prevent inconsistent pretrial orders, the Pharmaceutical Defendants request that this Court stay all proceedings in this case pending MDL transfer. This request will not result in any prejudice to the plaintiff.

## ARGUMENT

The proceedings in this case should be stayed pending transfer to the MDL proceeding. Title 28, section 1407(a) of the United States Code provides that "[w]hen civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings." The primary purpose of consolidating such cases is "to eliminate duplicative discovery, prevent inconsistent pretrial rulings. . . .; conserve the resources of the parties, their counsel and the judiciary" and avoid conflicting scheduling

requirements. *In re California Retail Natural Gas & Elec. Antitrust Litig.*, 150 F. Supp.2d 1383, 1384 (J.P.M.L. 2001): *In re Eastern Airlines, Inc., Flight Attendant Weight Program Litig.*, 391 F. Supp. 763, 764 (J.P.M.L. 1975) (same).

A stay of all proceedings is warranted here. The JPML has consolidated the Ortho-Evra® litigation and the MDL Court is coordinating pretrial proceedings and has issued four case management orders. Permitting pretrial proceedings to proceed in this case despite its impending transfer to the MDL court would invite the very problems the MDL proceedings were designed to avoid: duplication of discovery and pretrial orders, inconsistent pretrial rulings, and the inefficient use of judicial resources. A stay of pretrial proceedings, in contrast, would facilitate the uniform and efficient resolution of pretrial issues common to all federal Ortho Evra® cases. As a result, "[c]ourts frequently grant stays pending a decision by the MDL Panel regarding whether to transfer a case." *Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998) (citing cases). In this case as well, the MDL court should be permitted to coordinate all Ortho-Evra® pretrial matters, including discovery and the scheduling and handling of pretrial pleadings and motions in order to fulfill and maximize the benefits of MDL.

The fact that plaintiff filed a motion to remand this case to state court should not preclude this Court from staying its hand and permitting this motion to be decided following transfer to the MDL. Numerous other courts have agreed and have likewise held that the pendency of a motion to remand in the transferor court is an insufficient reason to preclude transfer to the MDL. *See, e.g., In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990) (affirming transfer of case by JPML where a motion to remand was pending); *Mirabile v. Blue Cross and Blue Shield of Kansas City*, 2005 WL 1593661, *1 (D. Kan. July 7, 2005)

(issuing stay without ruling on plaintiffs' motion to remand and finding that the transferee court "must rule on these same jurisdictional objections in similar cases"); *Board of Trustees of the Teachers' Retirement System v. Worldcom, Inc.*, 244 F.Supp.2d 900, 905 (N.D. Ill. 2002) ("The question, then, is whether other courts are facing or are likely to face similar jurisdictional issues in cases that have been or may be transferred to a multidistrict proceeding."); *Benjamin v. Bayer Corp.*, 2002 WL 1009475, * 1 (E.D. La. May 16, 2002) ("[B]ecause the issues involved in this remand are likely to be common to other transferred cases, the policies of efficiency and consistency of pretrial rulings are furthered by a stay of the proceedings in this Court pending a decision on the transfer of this case to the MDL."); *Fountain v. Johnson & Johnson*, Case No. 01-0380-CV-W-4, Op. at 5 (W.D. Mo. June 22, 2001) ("[B]y sending the remand issue to the MDL court, the Plaintiffs are much more likely to be treated uniformly with other similarly situated plaintiffs. By having one judge determine all remand issues throughout the nation, all . . . plaintiffs are likely to avoid inconsistent results.") (attached hereto as Exhibit "A"); *In re Amino Acid Lysine Antitrust Litig.*, 910 F. Supp. 696, 700 (J.P.M.L. 1995) (same); *In re Air Crash Disaster*, 368 F. Supp. 812, 813 (J.P.M.L. 1973) (same).

Accordingly, in keeping with the goals and purposes of the MDL, the Court should stay all proceedings pending transfer to the MDL Court.

## CONCLUSION

For all of the foregoing reasons, the Court should stay all proceedings pending transfer to the MDL Court.

        By: /s/ Joseph P. H. Babington
        JOSEPH P. H. BABINGTON (BABIJ7938)
        RUSSELL C. BUFFKIN (BUFFR6510)
        THOMAS RYAN LUNA (LUNAT2309)
        Attorneys for Defendants Johnson & Johnson, Ortho-McNeil Pharmaceutical, Inc., and Johnson & Johnson Pharmaceutical Research & Development, LLC

OF COUNSEL:

Helmsing, Leach, Herlong,
Newman & Rouse, P.C.
Post Office Box 2767
Mobile, AL 36652
(251) 432-5521 (Telephone)
(251) 432-0633 (Facsimile)

Susan M. Sharko, Esquire
Drinker Biddle & Reath LLP
500 Campus Drive
Florham Park, NJ 07932
*Subject to Pro Hac Vice Admission*

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this date electronically filed the foregoing **MOTION TO STAY PROCEEDINGS PENDING TRANSFER TO THE MULTIDISTRICT PROCEEDING** with the Clerk of the U. S. District Court for the Middle District of Alabama using the CM/ECF system which will send notification of such filing to the following counsel:

Jere L. Beasley
Andy D. Birchfield
Wesley Chadwick Cook
Shane Seaborn
Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.
P.O. Box 4160
Montgomery, AL 36103-4160
**Attorneys for Plaintiff**

/s/ Joseph P. H. Babington
OF COUNSEL

110740